**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**

Case No.  **CV 25-5064-JPR**                                    Date: **September 24, 2025**
Title:  **Bernard Taruc v. KB Depot Inc. et al.**

===============================================================

**DOCKET ENTRY: Order to Show Cause Why This Case Should Not Be Dismissed for Failure to Prosecute**

===============================================================

PRESENT:

**HON. JEAN P. ROSENBLUTH, U.S. MAGISTRATE JUDGE**

| Bea Martinez | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:            ATTORNEYS PRESENT FOR DEFENDANTS:
        None present                                                            None present

**PROCEEDINGS: (IN CHAMBERS)**

    Plaintiff filed this lawsuit alleging violations of the Americans with Disabilities Act of 1990 and various state-law claims on June 4, 2025.  On July 18, 2025, the Clerk entered default against Defendant KB Depot Inc., after Plaintiff filed a proof of service indicating that the Complaint was served on it on June 25 and Defendant did not appear.  Similarly, Under Federal Rule of Civil Procedure 4(m), Plaintiff was required to serve the Complaint and Summons on Defendant ARMC Properties, LLC by no later than September 2 and file proof of service.  See also Fed. R. Civ. P. 4(l)(1) (requiring proof of service by affidavit).  Under new Local Rule 4-6, proof of service must be filed "within 14 days of service of the summons and complaint or receipt of a notice and acknowledgment of service."  Thus, the proof of service was due at the latest on September 16, 2025.  To date, Plaintiff has not filed any proof of service as to ARMC, nor has Defendant appeared in any way.  And Plaintiff has not moved for entry of default judgment against Defendant KB Depot.

    No later than seven days from the date of this order, Plaintiff must show cause in writing why this lawsuit should not be dismissed for failure to effect service and failure to prosecute.  If he does not timely respond, this lawsuit will likely be dismissed.  See Erskine v. Frager, No. 3:24-cv-01215-RBM-BLM, 2025 WL 1030161, at *2 (S.D. Cal. Apr. 7, 2025) (dismissing action without prejudice "based

MINUTES FORM 11                                                        Initials of Deputy Clerk : bm
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.     **CV 25-5064-JPR**                                                **September 24, 2025**
               **Bernard Taruc v. KB Depot Inc. et al.**                                              **Page 2**

-----------------------------------------------------------------

on Plaintiff's failure to prosecute and effect timely service"). If within the same period Plaintiff files a notice of dismissal or a proof of service and, if applicable, a request for default as to Defendant ARMC and a motion for entry of default judgment as to Defendant KB Depot, the OSC will automatically be discharged.